## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:18-cr-43-MMH-JBT

LAWRENCE HOLMAN  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

---

### **O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Lawrence Holman is a 52-year-old inmate incarcerated at Jesup FCI, serving an 86-month term of imprisonment for the distribution of cocaine. (Doc. 28, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on June 17, 2026. Holman seeks compassionate release because of the Covid-19 pandemic, because he has hypertension and high cholesterol, and because he contends his father has

"special care needs." (Doc. 34, Emergency Motion for Compassionate Release).[1] The United States has responded in opposition. (Doc. 35, Response).

A movant for compassionate release bears the burden of proving that a sentence reduction is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). The statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, No. 20–12023, 2021 WL 745262, at *2 (11th Cir. Mar. 2, 2021) (published). Notably, the Third Circuit Court of Appeals has observed that the

---

[1] As shown below, this Motion does not appear to have presented a genuine emergency. The Court cautions that "[t]he unwarranted designation of a motion as an emergency can result in a sanction." Rule 3.01(e), Local Rules, United States District Court for the Middle District of Florida.

mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Holman has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A). According to the Centers for Disease Control (CDC), those who have high blood pressure might be at increased risk for severe infection from coronavirus, which is distinct from the medical conditions that the CDC confirms increase the risk of severe infection.[2] The CDC does not identify high cholesterol as a risk factor for serious illness from Covid-19. There is no evidence that either condition impairs Holman's ability to care for himself in the prison environment. Thus, although Holman has hypertension and high cholesterol, these conditions are not severe enough to justify compassionate release. See United States v. Rind, 837 F. App'x 740, 743–44 (11th Cir. 2020) (affirming district court's denial of compassionate release, where 64-year-old overweight defendant suffered from hypertension and type 2 diabetes, because defendant's conditions did not appear to be sufficiently acute to constitute extraordinary and compelling circumstances); United States v. Hammonds, No. 8:14-cr-406-T-60TGW, 2020

---

[2]  https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

WL 5526406, at *1, 2 (M.D. Fla. Sept. 15, 2020) (concluding that 47-year-old defendant's conditions of hyperlipidemia, hypertension, and obesity, in conjunction with Covid-19, were not extraordinary and compelling circumstances). The Court further notes that Holman contracted Covid-19 in July 2020 but was asymptomatic (Doc. 35-2, Medical Records at 23–36, 47), and that on March 23, 2021, he was offered the Moderna Covid-19 vaccine but refused it (Doc. 35-3, Vaccine Record).

Holman also seeks compassionate release to care for his father. Holman generally alleges that his father has "special care needs" and that his father "suffers because of a lack of care and needs his son there." Emergency Motion at 3, 5. Holman does not provide details in support of these assertions, nor does he submit supporting documentation. To the extent U.S.S.G. § 1B1.13 remains applicable, the incapacitation of a defendant's parent is not among the family circumstances that qualifies as an extraordinary and compelling reason for a sentence reduction. U.S.S.G. § 1B1.13, cmt. 1(C). Moreover, Holman neither describes nor provides any evidence of the extent to which his father has special needs or requires a caretaker. Nor does Holman allege or provide any evidence that he is the only person available to care for his father. Thus, regardless of whether § 1B1.13 is controlling, Holman has not demonstrated

extraordinary and compelling circumstances.[3]

Finally, the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A). Holman is serving a term of 86 months in prison for his third federal conviction under the Controlled Substances Act. (See Doc. 21, Presentence Investigation Report [PSR] at ¶¶ 22, 32, 33). Two previous federal sentences of 100 months in prison and 46 months in prison, respectively, failed to deter him from committing further drug crimes. (See id. at ¶¶ 32, 33). Compounding matters, Holman has twice violated the conditions of supervised release by committing new drug offenses while under supervision (in 2006 and again in 2018), leading to his second and third federal drug convictions. (Id. at ¶¶ 32, 33, 35). According to the BOP, Holman still has more than five years remaining on his 86-month term of imprisonment. In view of all the § 3553(a) factors, reducing Holman's sentence at this time is not warranted.

---

[3] The Court recognizes there is a split of authority over whether U.S.S.G. § 1B1.13 applies to defendant-initiated motions for compassionate release. See, e.g., United States v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020). The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had discretion to identify extraordinary and compelling reasons.

Accordingly, Defendant Lawrence Holman's Emergency Motion for Compassionate Release (Doc. 34) is **DENIED**.[4]

**DONE AND ORDERED** at Jacksonville, Florida this 30th day of March, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:
Counsel of record
Defendant

---

[4] To the extent Holman requests that the Court order a direct transfer to home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).