**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

vs.                                        Case No.:    3:18-cr-43-MMH-JBT
                                                                      3:06-cr-14-HES-MCR

LAWRENCE HOLMAN

                                                 /

**ORDER**

This case is before the Court on Defendant Lawrence Holman's "Motion to Recover Gain Time Pursuant to First Step Act of 201[8]." (Doc. 37, Motion)[1]; (see also Case No. 3:06-cr-14-HES-MCR, Dkt. 173). Holman is serving an 86-month term of imprisonment for the distribution of cocaine (Doc. 28, Judgment), as well as a consecutive 24-month term of imprisonment for violating the conditions of supervised release (Case No. 3:06-cr-14-HES-MCR, Dkt. 171, Judgment of Revocation). Holman requests that, under the First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, § 102(b), he be awarded seven additional days of gain time for each year he served during a previous term of imprisonment, which lasted from January 2006 to August 2013, or 49 additional days. The United States responds that the Court should dismiss the Motion. (Doc. 38, Response).

---

[1] "Doc. ___" refers to docket entries in the most recent criminal case, No. 3:18-cr-43-MMH-JBT.

"The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, includes an amendment to 18 U.S.C. § 3624(b) – the good time credit provision – providing federal prisoners the possibility of seven additional days of good time credit per year." United States v. Turnquist, 773 F. App'x 413, 414 (9th Cir. 2019) (citing First Step Act, § 102(b)). However, "[a]fter a district court sentences a federal offender, the Attorney General, through the Bureau of Prisons, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)). Thus, responsibility for computing sentencing credits lies with the Attorney General and the Bureau of Prisons, not district courts. See id. at 333–35 (interpreting 18 U.S.C. § 3585(b)). Indeed, the gain time statute says that a prisoner "may" receive credit for satisfactory behavior "subject to determination by the Bureau of Prisons." 18 U.S.C. § 3624(b)(1).

If a prisoner wishes to challenge the execution of his sentence, such as the loss of good-time credits, the proper vehicle is to file a petition for writ of habeas corpus under 28 U.S.C. § 2241. See McCarthan v. Dir. of Goodwill-Indus. Suncoast, Inc., 851 F.3d 1076, 1092–93 (11th Cir. 2017) (en banc) (noting that 28 U.S.C. § 2255(e)'s "saving clause" permits a federal prisoner to file a § 2241 habeas petition to challenge the execution of his or her sentence, such as the deprivation of good-time credits); see also United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under

28 U.S.C. § 2241 after the exhaustion of administrative remedies."); United States v. Lassiter, 812 F. App'x 896, 899 (11th Cir. 2020) (district court properly construed defendant's motion seeking credit for time spent in custody beyond his term of imprisonment as a § 2241 petition). "A petition for writ of habeas corpus [under § 2241] may only be brought in the court having jurisdiction over the petitioner or his place of incarceration." Hajduk v. United States, 764 F.2d 795, 796 (11th Cir. 1985). Generally, that means a prisoner must file a § 2241 habeas petition in the district where he or she is confined. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). Moreover, a prisoner must exhaust his administrative remedies before filing a § 2241 petition in federal court. Nyhuis, 211 F.3d at 1345.

The Court construes Holman's Motion as a petition for writ of habeas corpus under § 2241 because he seeks to recover the loss or denial of good-time credits. "As [Holman] is incarcerated at [Jesup FCI] in [Jesup, Georgia], he is outside the jurisdiction of the [Middle District of Florida] for habeas corpus purposes." Hajduk, 764 F.2d at 796 (citations omitted). In addition, there is no indication that Holman exhausted his administrative remedies before filing the current Motion. Therefore, the instant Motion is due to be dismissed. The Court expresses no opinion about the merits of Holman's request for additional gain

time or whether a previous term of imprisonment may form the basis of awarding such credits under the First Step Act.

Accordingly, it is hereby **ORDERED:**

Defendant Lawrence Holman's "Motion to Recover Gain Time Pursuant to First Step Act of 201[8]" (Doc. 37); (Case No. 3:06-cr-14-HES-MCR, Dkt. 173), construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, is **DISMISSED WITHOUT PREJUDICE**. If Holman exhausts his administrative remedies and fails to obtain the resolution he seeks, he may file a § 2241 habeas petition in the district where he is confined.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of September, 2021.

MARCIA MORALES HOWARD
United States District Judge

Lc 19
C:
Pro se defendant
Counsel of record