**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

vs.                                Case No.:   3:18-cr-43-MMH-JBT
                                                                               3:06-cr-14-HES-MCR

LAWRENCE HOLMAN

                                                              /

**ORDER**

This case is before the Court on Defendant Lawrence Holman's renewed Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 40, Renewed Motion; see also Case No. 3:06-cr-14-HES-MCR, Dkt. 176).[1] Holman is a 52-year-old inmate incarcerated at Jesup FCI, serving an 86-month term of imprisonment for the distribution of cocaine (Doc. 28, Judgment), and a consecutive 24-month term of imprisonment for violating the conditions of supervised release (Case No. 3:06-cr-14-HES-MCR, Dkt. 171, Judgment of Revocation). According to the Bureau of Prisons (BOP), he is due to be released from prison on June 17, 2026.

On March 24, 2021, Holman filed an Emergency Motion for Compassionate Release. (Doc. 34, Emergency Motion). Holman sought compassionate release based on the Covid-19 pandemic, his medical conditions

---

[1] "Doc. ___" refers to docket entries in the lead case, United States v. Holman, No. 3:18-cr-43-MMH-JBT. "Dkt. ___" refers to docket entries in Case No. 3:06-cr-14-HES-MCR.

1

(hypertension and high cholesterol), and because he alleged his father has special care needs. The United States responded in opposition on March 26, 2021. (Doc. 35, Response). On March 30, 2021, the Court denied the Emergency Motion because Holman had not demonstrated extraordinary and compelling circumstances under § 3582(c)(1)(A) and because the sentencing factors under § 3553(a) did not support a sentence reduction. (Doc. 36, Order Denying Emergency Motion).

Holman filed the Renewed Motion on September 5, 2021, and the Court received it on September 9, 2021. Holman asserts that, after he obtained the medical records attached to the Renewed Motion (Doc. 40-2, Medical Records) (which are the same records the United States attached to its Response opposing his earlier Emergency Motion, Doc. 35-3), he was diagnosed with a hyperactive thyroid condition and is awaiting a biopsy on nodules around his thyroid. Renewed Motion at 5. Nevertheless, Holman does not allege that he suffers from a terminal illness or a serious medical condition that substantially diminishes his ability to provide self-care within the prison environment and from which he is not expected to recover. Renewed Motion at 4; see also U.S.S.G. § 1B1.13, cmt. 1(A). Instead, Holman seeks compassionate release based on "other extraordinary and compelling reasons" than those listed in Application Notes 1(A) through 1(C) of the applicable policy statement, U.S.S.G. § 1B1.13. Renewed Motion at 4; see also U.S.S.G. § 1B1.13, cmt. 1.

The Renewed Motion is due to be denied. First, Holman's circumstances have not materially changed since the Court denied his Emergency Motion in March 2021. Although Holman now appears to suffer from a hyperactive thyroid, there is no indication that this is a serious medical condition within the meaning of the applicable policy statement. See U.S.S.G. § 1B1.13, cmt. 1(A). Second, Holman does not allege that he suffers from a terminal illness or some other serious medical condition, U.S.S.G. § 1B1.13, cmt. 1(A), that he is 65 or older and in deteriorating physical or mental condition, id. cmt. 1(B), or that he is experiencing extraordinary and compelling family circumstances, id. cmt. 1(C). Renewed Motion at 4. Instead, Holman seeks a sentence reduction for "extraordinary and compelling reasons" other than those identified in Application Notes 1(A) through 1(C) of the policy statement. Id. However, the Eleventh Circuit Court of Appeals' decision in United States v. Bryant, 996 F.3d 1243 (11th Cir. 2021), forecloses this argument. In Bryant, the court held that § 1B1.13's substantive standards, including its definition of extraordinary and compelling reasons, still govern defendant-initiated motions for compassionate release, and that "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." Id. at 1247–48. Third, as this Court explained in its previous Order, the § 3553(a) factors do not support a reduction in sentence. Order Denying Emergency Motion at 5. Holman provides nothing that alters that analysis.

Moreover, as far as Covid-19 is concerned, the medical records still reflect that Holman is unvaccinated despite having been offered the Moderna Covid-19 vaccine on March 23, 2021, when Holman refused it. (Doc. 40-2, Medical Records at ECF pp. 55, 71, 77). As the Seventh Circuit Court of Appeals observed: "[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred." United States v. Broadfield, 5 F. 4th 801, 803 (7th Cir. 2021). In addition, "[t]he federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective." Id.

Accordingly, having carefully reviewed Holman's Renewed Motion for Compassionate Release and attached records (Doc. 40; see also Case No. 3:06-cr-14-HES-MCR, Dkt. 176), the Renewed Motion is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of October, 2021.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

Lc 19
C:
Pro se defendant
Counsel of record

4